**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-1011** (Greenbrier County CC-13-2019-F-177)

**Elizabeth Jane Justice,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Elizabeth Jane Justice appeals her conviction for possession of a controlled substance with intent to deliver. She asserts a single assignment of error regarding the circuit court's denial of her motion to suppress the evidence obtained from the execution of a search warrant.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the conviction is appropriate. *See* W. Va. R. App. P. 21.

Following the arrest of Gary Ray Blankenship Jr. for possession of marijuana, he gave a recorded statement during which he informed Cpl. S.W. Hudnall of the Greenbrier County Sheriff's Department that petitioner possessed a large quantity of methamphetamine that she had tried to sell to him just two days prior. Mr. Blankenship also informed Cpl. Hudnall that petitioner had sold methamphetamine to him during the preceding months and that she "re-upped" her supply every two to three days. Based upon the contents of that recorded statement, Cpl. Hudnall prepared a search warrant affidavit that included the following relevant information:

> [O]n August 13, 2019, two days prior, [Mr. Blankenship] observed "a half a pound of meth" at the residence of Elizabeth "Libby" Justice located in Cedar Knoll Trailer Park in Ronceverte, Greenbrier County, West Virginia. Mr. Blankenship went on state that Libby Justice showed that half of a pound of meth to Gary Blankenship and was trying into[sic] sell some of the methamphetamine to Blankenship. On August 15, 2019[,] Libby Justice contacted Gary Blankenship and again attempted to sell him methamphetamine again because she still had some she wanted to sell. On August 13th Libby Justice told Gary Blankenship that she goes to Beckley every two to three days to "re-up" her methamphetamine. Blankenship

---

[1] Petitioner is represented by counsel Kristopher Faerber, and respondent is represented by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

went on to state that Justice is one of the "biggest meth dealers around" stating that she has sold him (Blankenship) meth in the past months. Blankenship further stated that Libby Justice keeps her methamphetamine i[n] several locations around her residence including her outdoor shed as well as inside the vehicles on her property that includes a vehicle that is parked on her property for repair and a red Nissan truck that she uses frequently. He also stated that Justice has several magnetic containers that she used to hide that methamphetamine around and inside her residence.

Based upon this affidavit, a magistrate issued a warrant to search petitioner's property and vehicles. When the warrant was executed, police reportedly found methamphetamine.[2]

Subsequently, petitioner was indicted on one felony count of possession with the intent to deliver methamphetamine, a Schedule II controlled substance. Petitioner's counsel filed a motion to suppress, asserting that the affidavit had provided insufficient information to support the issuance of the search warrant. On October 7, 2020, the circuit court entered its order denying that motion. The court noted the inclusion of a great deal of detail in the affidavit, including the close proximity of the dates and specificity of the location of the drugs reported by Blankenship. Thereafter, petitioner entered a conditional plea of nolo contendere to the charge. Petitioner specifically reserved her right to appeal the denial of her motion to suppress. She argued that the search warrant affidavit contained insufficient information to support a probable cause determination as Mr. Blankenship's statement was not independently verified. *See* Syl. Pt. 4, *State v. Lilly*, 194 W. Va. 595, 461 S.E.2d 101 (1995). Petitioner appeals from this determination.

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W. Va. 530, 722 S.E.2d 566 (2011). Key to our analysis of this case is our prior holding that

> [p]robable cause for the issuance of a search warrant exists if the facts and circumstances provided to a magistrate in a written affidavit are sufficient to warrant the belief of a prudent person of reasonable caution that a crime has been committed and that the specific fruits, instrumentalities, or contraband from that crime presently may be found at a specific location. It is not enough that a magistrate believes a crime has been committed. The magistrate also must have a reasonable belief that the place or person to be searched will yield certain specific

---

[2] The record before this Court does not detail what was found during the execution of the search warrant, but petitioner's brief indicates that methamphetamine was found on her property.

classes of items. There must be a nexus between the criminal activity and the place or person searched and thing seized. The probable cause determination does not depend solely upon individual facts; rather, it depends on the cumulative effect of the facts in the totality of circumstances.

*Lilly*, 194 W. Va. at 598, 461 S.E.2d at 104, Syl. Pt. 3.

Here, when viewing the facts in the light most favorable to the State and giving particular deference to the circuit court's findings, we find that the circuit court did not clearly err in denying petitioner's motion to suppress the evidence obtained during the execution of the search warrant at petitioner's property. In ruling on petitioner's motion to suppress, the circuit court found that the "significant detail provided" by Mr. Blankenship's statements "give credibility to his basis of knowledge because the details show that he made a recent personal observation or has recently conversed with [petitioner] about the items at issue." We agree. In addition, petitioner does not dispute any of the information in the affidavit. For these reasons, we find, based upon a totality of the circumstances, that the written affidavit, containing a wealth of detail, was sufficient to establish probable cause for the issuance of the search warrant. *See id.* Therefore, the circuit court did not clearly err by denying petitioner's motion to suppress.

Affirmed.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3